IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MELODY WADE, | § | |
|     Plaintiff, | § | |
| V. | § | |
| | § | |
| CYCLE MART, L.P., AND STEVEN R. LITTLEFIELD, | § | A-14-CV-00427-ML |
| | § | |
|     Defendants, | § | |

**ORDER DENYING MOTION FOR LEAVE TO AMEND**

Before the Court is the above-referenced case, in which all parties have consented to trial by a Magistrate Judge. Before the Court are Defendants' Motion for Leave to Amend Defendants' Answer [Dkt. #23] and Plaintiff's Response in Opposition thereto [Dkt. #25]. Having considered the motion and response, the relevant law, and the case file as a whole, the court enters the following opinion and order.

**I.     Background**

This dispute arises out of alleged violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* Plaintiff Melody Wade filed her Complaint on May 8, 2014, alleging her employers, Cycle Mart, L.P. ("Cycle Mart") and Steven R. Littlefield ("Littlefield") (collectively, "Defendants"), failed to properly calculate her base salary for purposes of paying her overtime wages between approximately May 3, 2011 to early February of 2013. *See generally* Compl. [Dkt. #1]. Plaintiff additionally contends Defendants improperly categorized her as an overtime-exempt employee from early February, 2013 to her termination on January 9, 2014. *Id.*

The Fair Labor Standards Act contains several exemptions that excuse employers from paying overtime. *See generally* 29 U.S.C. §§ 207, 213. Each of these exemptions must be

1

specifically plead and proved as an affirmative defense. *Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 317 (5th Cir. 1981). Defendants filed their Answer on June 9, 2014, asserting multiple affirmative defenses, including that Plaintiff's claims are time barred and Defendants acted in good faith reliance on agency guidance. *See generally* Answer [Dkt. #6]. Notably, however, the only statutory *exemption* plead as an affirmative defense in Defendants' original answer is the following: "Plaintiff's claims are barred to the extent she was an exempt employee, not subject to the overtime provisions of the FLSA, due to the nature of the work she performed." Answer [Dkt. #6] at ¶ B.1. Defendants did not specify which statutory exemption they intended to invoke with this language. *Id.*

The parties entered a Joint Scheduling Order on November 10, 2014, agreeing that the deadline to amend the pleadings was October 3, 2014. Sched. Order [Dkt. #13] at ¶ 1. The agreed deadline for completing discovery was February 13, 2015. *Id.* at ¶ 6. The agreed deadline to file dispositive motions was February 27, 2015. *Id.* at ¶ 7. Defendants never sought to amend these deadlines. On February 27, 2015, both parties timely filed their Motions for Partial Summary Judgment. [Dkt. # 16, 17].

Defendants' Motion for Partial Summary Judgment asserted for the first time that Defendants are exempt from paying overtime wages to Wade pursuant to 29 U.S.C. § 207(i), which provides that overtime compensation is not required if (1) the employer is a retail or service establishment, (2) the employee's regular rate of pay exceeds one and one-half times the applicable minimum wage, and (3) more than half of the employee's total earnings are commissions. Df's Mot. Part. Summ. J. [Dkt. #16] at 2 (citing 29 U.S.C. § 207(i)). Plaintiff objected that Defendants had never plead this affirmative defense, and it would be inequitable to

2

allow them to raise it for the first time on summary judgment, after the close of discovery in the case. Resp. [Dkt. #20] at 1-3.

Defendants contend their original Answer was sufficient to put Plaintiff on notice of their intent to plead the Section 207(i) retail establishement exception, and they have filed this Motion for Leave to Amend only out of an abundance of caution. Mot. Leave, [Dkt. #23] at 1-2. In response, Plaintiff asserts Defendant's original Answer claimed a statutory exemption only on the basis of the type of work Plaintiff performed, not on the basis of the type of establishment Defendant constituted, and therefore no discovery was ever conducted on the issue of whether Defendant meets the statutory requirements for a retail or service establishment. Response [Dkt. #25] at 3-4. Plaintiff asserts an amendment at this late stage, when discovery is closed and her own motion for partial summary judgment is already on file, would be unduly prejudicial.

## II.     Standard of Review

Federal Rule of Civil Procedure 16(b) governs amendment of pleadings—including the amendment of a defendant's answer—after a scheduling order deadline has expired. *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003); *see also Henry's Marine Serv. v. Fireman's Fund Ins. Co.*, 193 F. App'x. 267, 273 (5th Cir. 2006) (applying the *S&W Enters.* analysis to deny a defendant's untimely motion to amend its pleadings). Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." *Id.*

To establish "good cause" for purposes of Rule 16(b), a party must "'show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008) (quoting *S&W Enters.*, 315 F.3d at 535). Four factors are relevant to establish good cause: "(1) the explanation for the

3

failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters.*, 315 F.3d at 536). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters.*, 315 F.3d at 536.

Rule 15(a) directs courts to grant leave to amend freely, absent some prejudice to the nonmovant. *See* FED. R. CIV. P. 15(a)(2).  Even under the less demanding standards of Federal Rule of Civil Procedure 15(a), however, the Fifth Circuit "'carefully scrutinize[s] a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment.'"  *Squyres v. The Heico Companies, L.L.C.*, 782 F.2d 224, 239 (5th Cir. 2015) (quoting *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) (per curiam)). "The summary judgment procedure has built-in protections against premature judgments." *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990).  When a motion for leave to amend is filed after motions for summary judgment have been filed, "to grant . . . leave to amend is potentially to undermine [the opposing party's] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amend[ment]." *Id.*

The Fifth Circuit has also recognized that granting leave to amend to assert new legal theories after the close of discovery may unduly prejudice the opposing party where there was no opportunity or reason to explore the factual basis of the late-plead theory during the discovery period. *Squyres*, 782 F.3d at 238-39; *see also Thompson v. Wichita Falls Indep. Sch. Dist.*, No. 7:06-CV-0191-R ECF, 2008 U.S. Dist. LEXIS 2534, *8 (N.D. Tex., Jan. 14, 2008) ("Because Defendant could have raised the proposed amendment at an earlier time and since discovery was

completed over eight months ago, which precludes Plaintiff from exploring during the discovery period the affirmative defense that Defendant now seeks to add, this Court determines that the motion to amend is denied."). The timing of Defendants' motion for leave to amend their Answer—after both the dispositive motions deadline and the close of discovery—implicates these concerns. *Squyres*, 782 F.3d at 238-39; *Thompson*, 2008 U.S. Dist. LEXIS 2534 at *8. Defendants must establish good cause for their delay under Rule 16 and also meet Rule 15(a)'s requirement that no undue prejudice will result from their late amendment. *S&W Enters.*, 315 F.3d at 536.

### III.   Analysis

Defendants in this case have failed to establish good cause for their untimely proposed amendment. *Squyres*, 782 F.3d at 238-39. The established "good cause" factors set out in *S&W Enterprises* all weigh heavily against allowing amendment of the pleadings at this stage, after both parties have filed dispositive motions in this matter. 315 F.3d at 535. First, Defendants' explanation for the delay in amending their Answer is inadequate. *Id.* Defendants contend they have not previously amended because their original Answer provided Plaintiff adequate notice of the "retail establishment" affirmative defense, and they amend now only out of an abundance of caution. Mot. Leave [Dkt. #23] at 1. This explanation, far from excusing the delay, "acknowledges that the amendment [Defendants] now seek[] could have been raised earlier." *Thompson*, 2008 U.S. Dist. LEXIS 2534 at *8 (rejecting a similar "abundance of caution" explanation for late-filed motion to add affirmative defense).

The second *S&W Enterprises* factor, the importance of the amendment, 315 F.3d at 535, is highly probative in this case: If, as Defendants contend, Cycle Mart is an exempt retail establishment, most if not all of Plaintiff's FLSA overtime claims could be barred. *See* Df's

Mot. Part. Summ. J. [Dkt. #16] at 2 (citing 29 U.S.C. § 207(i)).  The high stakes of the proposed amendment only highlight the third factor of the *S&W Enterprises* analysis: prejudice to the nonmovant from allowing the amendment.  315 F.3d at 535.  "[W]hile one wishing to assert an affirmative defense has every opportunity to do so, it must be done at a time and in a manner which is consistent with the language and spirit of the Federal Rules.  The court and the opposing party must be timely advised of the intended defense." *Automated Medical Laboratories, Inc. v. Armour Pharmaceutical Co*., 629 F.2d 1118, 1122 (5th Cir. 1980).  "[A] defendant . . . must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."  *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).  The fair notice pleading requirement is met only if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise."  *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993) (citing *Bull's Corner Rest. v. Director, FEMA*, 759 F.2d 500, 502 (5th Cir. 1985)).

In this case, as Plaintiff points out, the original answer claims an affirmative defense on the grounds that Plaintiff was an exempt *employee*, "due to the nature of the work she performed," not on the grounds that Cycle Mart was an exempt *establishment* due to the nature of its business and the breakdown of its sales.  *Compare* Answer [Dkt. #6] at ¶ B.1, with Df's Mot. Part. Summ. J. [Dkt. #16] at 2 (citing 29 U.S.C. § 207(i)).  Plaintiff has been prejudiced by this omission because she did not conduct discovery into the specific elements necessary to establish that Cycle Mart is a retail establishment under 29 U.S.C. § 207(i).  This statutory exemption is defined by federal regulation and case law.  *See, e.g.,* 29 C.F.R. §§ 779.314—779.318; *Brennan v. Great American Discount & Credit Co*., 477 F.2d 292, 295 (5th Cir. Ala. 1973) (a business must first meet a "threshold 'retail concept' test . . . before the industry

characterization of its sales can be considered."). Thus, the facts necessary to establish whether Cycle Mart is a retail establishment for purposes of 29 U.S.C. §207(i) bear little relationship to the discovery necessary to establish the nature of Wade's individual work.  Response [Dkt. #25] at 3-4; *see also Squyres*, 782 F.3d at 238-39; *Thompson*, 2008 U.S. Dist. LEXIS 2534 at *8.

The fourth *S&W Enterprises* factor, the availability of a continuance, does not help Defendants in this case.  315 F.3d at 535.  Discovery has closed, and dispositive motions have been filed and are ripe for review.  Under these circumstances, a continuance would not only need to accommodate further discovery into the new affirmative defense, but would also need to accommodate a second round of dispositive motions.  *Squyres*, 782 F.3d at 239.  This type of continuance would, in itself, "unduly prejudice the [plaintiff] and raise concerns about *seriatim* presentation of facts and issues."  *Parish*, 195 F.3d at 764.

Because Defendants have failed to establish good cause under Rule 16(b), the court is not obligated to consider the motion to amend under the more liberal standard of Rule 15(a).  Even under that standard, however, the court notes that the amendment would result in unfair surprise and prejudice to the Plaintiff because it would afford her no opportunity for discovery into the new affirmative defense, and would prevent her from adequately addressing the affirmative defense at the summary judgment stage.  *Overseas Inns*, 911 F.2d at 1151; *Parish*, 195 F.3d at 764.  Therefore, the court concludes that leave to amend should be denied under both Federal Rule of Civil Procedure 16(b) and Federal Rule of Civil Procedure 15(a).

## IV. Conclusion

Defendants have not established good cause for their untimely Motion for Leave to Amend, and granting the Motion would unfairly prejudice plaintiffs by forcing them to address

an affirmative defense on which no discovery has been conducted, after dispositive motions have already been filed.  Therefore,

IT IS ORDERED that Defendants' Motion for Leave to Amend [Dkt. #23] is DENIED.

SIGNED July 17, 2015,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE